IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL O. STRICKLAND,

       Plaintiff,                  CV F 05 1393 LJO WMW P

     vs.                           ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

WILLIAM SULLIVAN, et al.,

       Defendants.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Tehachapi.

      Plaintiff's sole claim in this he suffered a broken jaw as a result of a slip and fall. Specifically, Plaintiff alleges that he slipped in water that had pooled on the ground as a result of an overflowing water faucet. Plaintiff alleges that "the administrative people" waited too long to repair the water faucet.

      To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.

1

1  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
2  plaintiff must allege that: (1) a person was acting under color of state law at the time the
3  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
4  privileges or immunities secured by the Constitution or laws of the United States.  Paratt
5  v.Taylor, 451 U.S. 527, 535 (1981).
6           The statute plainly requires that there be an actual connection or link between the
7  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
8  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
9  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
10 constitutional right, within the meaning of section 1983, if he does an affirmative act,
11 participates in another's affirmative acts or omits to perform an act which he is legally required
12 to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d
13 740, 743 (9th Cir. 1978).
14       The Eighth Amendment provides that "cruel and unusual
15  punishment [shall not be] inflicted."  "An Eighth Amendment claim that a prison official has
16 deprived inmates of humane conditions of confinement must meet two requirements, one
17 objective and the other subjective."  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied,
18 514 U.S. 1065, (1995).        The objective requirement is met if the prison official's acts or
19 omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'"  Id.
20 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  To satisfy the subjective prong, a
21 plaintiff must show more than mere inadvertence or negligence.  Neither negligence nor gross
22 negligence will constitute deliberate indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v.
23 Gamble, 429 U.S. 97, 106 (1976).  The Farmer court concluded that "subjective recklesness as
24 used in the criminal law is a familiar and workable standard that is consistent with the Cruel and
25 Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the
26

Eighth Amendment.  Farmer, 511 U.S. at 839-40.

Here, Plaintiff alleges that there was a dangerous condition, but he fails to allege any facts indicating that any of the named Defendants were aware of the condition, and acted with disregard of that risk.  As noted above, Plaintiff must allege facts indicating that Defendants were more than negligent.

Further, Plaintiff names as a defendant the Warden at CCI Tehachapi.  A supervisor may be liable under § 1983 only if there exists either "'(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)); see also MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).  Here, Plaintiff fails to allege any conduct on the part of the Warden, and fails to allege any facts indicating personal involvement.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.

Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**     **June 27, 2007**                             /s/  **William M. Wunderlich**
                                                            UNITED STATES MAGISTRATE JUDGE