1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9    DARRYL O. STRICKLAND,                    CASE NO. 1:05-cv-01393-LJO-YNP PC

10                  Plaintiff,                ORDER DENYING MOTION TO REOPEN

11        v.                                  (Doc. 13)

12   WILLIAM SULLIVAN, et al.,

13                  Defendants.
     _____/

14

15        Plaintiff Darryl O. Strickland ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Judgment was rendered and this

17   action was closed on December 4, 2007 due to Plaintiff's failure to state a claim upon which relief

18   can be granted.  On May 13, 2009, Plaintiff filed a motion to reopen this action.

19        Plaintiff's complaint was dismissed by the Court on June 27, 2007.  (Doc. #9.)  Plaintiff's

20   complaint was dismissed for failure to state a claim.  Plaintiff was given 30 days to file an amended

21   complaint.  No amended complaint was filed and on November 5, 2007, the Court issued a findings

22   and recommendation recommending that this action be dismissed for failure to state a claim.  (Doc.

23   #10.)  Plaintiff was given 30 days to file objections to the findings and recommendation.  The Court

24   adopted the findings and recommendation on December 4, 2007, and this action was closed.  (Doc.

25   #11.)

26        Plaintiff now requests that the Court reopen this action.  Under Federal Rule of Civil

27   Procedure 60(b)(1)-(3), the Court may relieve a party from a final judgment, order or proceeding in

28   circumstances that involve mistake, inadvertence, surprise, excusable neglect, newly discovered

1

evidence, or fraud. Rule 60(b)(6) permits relief from final judgment for "any . . . reason that justifies relief." However, relief under Rule 60(b)(6) is warranted only if extraordinary circumstances exist. Maraziti v. Thorpe, 52 F.3d 252, 254-55 (9th Cir. 1995) (citing Ackermann v. United States, 340 U.S. 193, 199-201 (1950); Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir. 1984)).

Plaintiff's motion was filed over 17 months after final judgment was rendered. Any motion for relief from final judgment based on Rule 60(b)(1)-(3) (mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud) must be made "no more than a year after the entry of the judgment. . . ." Federal Rule of Civil Procedure 60(c)(1). Plaintiff's motion is untimely for any relief under Rule 60(b)(1)-(3). There is no definite time limit for relief under Rule 60(b)(6) ("any other reason that justifies relief"). However, a motion under Rule 60(b)(6) must still be made within a reasonable time, Federal Rule of Civil Procedure 60(c)(1), and Plaintiff must demonstrate the existence of extraordinary circumstances to obtain relief.

Plaintiff's justification for seeking relief from the dismissal of this action is that he was detained in the Los Angeles County Jail and did not receive the Court's November 5, 2007 findings and recommendation. Plaintiff argues that because he did not receive the findings and recommendation, he did not know that he could have filed objections. However, the Court notes that Plaintiff's complaint was dismissed on June 27, 2007 and Plaintiff was ordered to file an amended complaint if he wished to pursue this action. In the order dismissing Plaintiff's complaint, Plaintiff was specifically warned that the failure to file an amended complaint within the 30 day deadline may result in a recommendation that this action be dismissed.

Plaintiff does not allege that he did not receive the June 27, 2007 order. Plaintiff provides no explanation as to why he made no attempt to comply with the Court's order to file an amended complaint within 30 days. Plaintiff's amended complaint was over three months late when the Court issued the findings and recommendation. Plaintiff's amended complaint was over four months late when the Court adopted the findings and recommendation. This case remained closed and Plaintiff made no effort to contact the Court for nearly two years before Plaintiff filed the pending motion to reopen. Plaintiff has provide no explanation as to what extraordinary circumstances exist that would justify reopening this action after Plaintiff made no effort to comply with the Court's June 27, 2007

order for nearly two years. Further, Plaintiff has not alleged any facts or circumstances that his motion, filed more than 17 months after judgment was rendered in this case, was made within a reasonable time.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to reopen, filed on May 13, 2009, is DENIED.


IT IS SO ORDERED.

**Dated:    February 9, 2010**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE